UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DATACATALYST, LLC,<br><br>        Plaintiff and<br>        Counterclaim-Defendant,<br><br>    v.<br><br>INFOVERITY, LLC,<br><br>        Defendant and<br>        Counterclaim-Plaintiff. | Case No. 1:20-cv-00310-AKH |

## AGREED PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c) and Rule 4 of the Individual Rules of the Honorable Alvin K. Hellerstein, the following Protective Order ("Order") shall bind Plaintiff DataCatalyst, LLC ("DataCatalyst"), and Defendant Infoverity, LLC ("Infoverity") (collectively, "the Parties" or either singularly, "Party") as well as each Party's respective employees, agents, affiliates, consultants and attorneys, and shall govern the handling of all discovery in the above-captioned action (the "Action"):

    1.    <u>Scope of Order.</u>  This Order shall govern the use and disclosure of all confidential, proprietary or trade secret information ("Protected Information") produced by or on behalf of any Party, provided by non-parties, or furnished by any person associated with any Party from the inception of this case in any pleading, deposition, interrogatory, request for admission, document production, or any other disclosure or discovery proceeding in this Action until further order of the Court.  Any confidential, proprietary or trade secret information produced in discovery shall

only be used for the purposes of this action (including any appeals or retrials) and only as provided in this Order.

Protected Information shall include, *inter alia*, any document or thing that the producing Party believes in good faith constitutes or embodies matter used by it in or pertaining to its business, which matter is not generally known, and which the producing Party would not normally reveal to non-parties or which it would cause non-parties to maintain in confidence, and that, if disclosed, likely would cause the producing Party serious harm.  Protected Information includes, but is not limited to, information within the definition of a trade secret as set forth in the Defend Trade Secrets Act, 18 U.S.C. § 1836 *et seq*. Protected Information further includes, without limitation, any trade secrets or other confidential information extracted or derived from Protected Information.

2. <u>Confidentiality Designations</u>.  Any Party to this action or non-party may designate any document, information, or discovery response produced in this case as Protected Information by marking such document, information, or discovery response with the legend "CONFIDENTIAL."  Such designations may also be made in the course of depositions.

All "CONFIDENTIAL" designations must be based on the good faith belief that the information constitutes:  (a) proprietary, commercial or financial information or other sensitive or confidential business-related information that does not rise to the level of "Attorneys' Eyes Only"; (b) private personal information; or (c) other information that is not generally known to the public or readily obtainable from outside sources so long as the designating party believes in good faith that such information is entitled to protection under the Federal Rules of Civil Procedure.

3. <u>Undertaking</u>.  Any documents or materials marked as "CONFIDENTIAL" shall be held in confidence by each person to whom they are disclosed according to the procedures set forth

in this Order; shall not be used for any business or commercial purpose; and shall not be disclosed to any person who is not authorized to receive such information as provided herein. All documents or materials so marked shall be carefully maintained in secure facilities and access to such information, document, material, item, or thing shall be permitted only to persons properly having access thereto under the terms of this Order.

      4.      <u>Manner of Designation</u>.

      a.      The designation of documents or other materials shall be made by written notice in the documents or materials by affixing to it, in a manner that shall not interfere with its legibility, the words or "CONFIDENTIAL." Documents or information designated as "CONFIDENTIAL" before entry of this Order shall be treated as "CONFIDENTIAL" within the meaning of this Order. The non-designating party may challenge any designation of confidentiality in accordance with Paragraph 11.

      b.      A Party or non-party may designate a portion of testimony at a deposition as "CONFIDENTIAL." In addition, within fourteen (14) days after receipt of a deposition transcript, or at a later date by agreement of the parties, any Party or non-party may designate particular portions of a transcript as "CONFIDENTIAL" information by giving written notice of such designation to the reporter and all counsel of record in the Action. For testimony designated as "CONFIDENTIAL", the designating party shall have the right to exclude from a deposition before the taking of the designated testimony all persons not authorized to receive such information under this Protective Order.

      c.      Documents and information to be designated "CONFIDENTIAL" shall include: (a) all copies, extracts, and complete or partial summaries prepared from such documents or information designated "CONFIDENTIAL"; (b) portions of deposition transcripts and exhibits

thereto which contain or reflect the content of any such documents, copies, extracts or summaries; (c) portions of briefs, motions, pleadings, memoranda or any other writing filed with the Court and exhibits thereto which contain or reflect the content of any such documents, copies, extracts or summaries; (d) answers to interrogatories, responses to other discovery requests, or other documents, which quote from, attach as an exhibit, or otherwise recite or explain any part or all of the contents of documents or information designated "CONFIDENTIAL"; and (e) deposition testimony designated in accordance with Paragraph 4(b) herein.

  5. <u>Attorneys' Eyes Only Material</u>.

  a. Any party may designate documents, materials, answers to discovery, testimony, or other information as "ATTORNEYS' EYES ONLY" any such Protected Information produced in this case that is confidential, proprietary business information or highly sensitive non-public information, the disclosure of which (whether separately or in conjunction with other information being produced) the producing Party believes in good faith could result in competitive or other serious harm, or is subject to restriction from disclosure by applicable law. . All of the provisions relating to information which is designated "CONFIDENTIAL" in this Agreed Protective Order shall also apply to information designated "ATTORNEYS' EYES ONLY."

  6. <u>Use of and Access to Protected Information</u>.

  a. <u>ATTORNEYS' EYES ONLY</u>:  Except as set forth herein or in any subsequent order of the Court or by express written consent of counsel of record, no documents, things or information designated as "ATTORNEYS' EYES ONLY" shall be, directly or indirectly, delivered, made available, shown to, communicated, exhibited or otherwise disclosed in any way to persons other than:

    i. The Court, or any Court personnel;

      ii.      Court Reporters employed in connection with this action;

      iii.      Outside counsel of record for the Parties in this proceeding and their paralegals, law clerks, and clerical staff who are providing active assistance with this action;

      iv.      Any bona fide expert or Technical Advisor retained by any Party or his/her attorney for the purposes of this action, provided that said expert or Technical Advisors has executed a certification in accordance with Paragraph 7 below. "Technical Advisor," as used herein, shall mean any person, including, but not limited to, a proposed expert witness or consultant, with whom counsel may deem it necessary to consult concerning technical, financial, or other aspects of this case for the preparation or trial thereof; provided, however, that no Party, or person currently employed by or a non-litigation consultant to a Party or any competitor of a Party shall so qualify hereunder. The Parties agree to identify and disclose any "expert" or "Technical Advisor" to the other Party that will be provided any Protected Information marked "ATTORNEYS' EYES ONLY" prior to sharing such Protected Information; or

      v.      Other persons who may be specifically designated by consent of all attorneys of record or pursuant to an order of the Court, provided such individual has executed a certification in accordance with Paragraph 7 below.

    b.    <u>CONFIDENTIAL</u>: Except as set forth herein or in any subsequent order or by express written consent of counsel of record, no documents, things, or information designated as

"CONFIDENTIAL" shall be, directly or indirectly, delivered, made available, shown to, communicated, exhibited or otherwise disclosed in any way to persons other than:

    i.    Attorneys for the Parties;

    ii.    The Parties;

    iii.    The Court, jury, or any Court personnel;

    iv.    Potential or actual witnesses;

    v.    Court Reporters employed in connection with this action;

    vi.    Inside and Outside Counsel for the Parties in this proceeding and other attorneys, paralegals, law clerks, or clerical staff working with those attorneys;

    vii.    Employees and representatives of the Parties responsible for managing this Action, but only to the extent necessary for the management of this Action;

    viii.    Any person identified from the four corners of the information, document or thing itself as having authored or previously received the information, document or thing, provided that the person, if not one of the Parties, has executed a certification in accordance with Paragraph 7 below;

    ix.    Any non-Party witness at a deposition, hearing, or trial, if it appears from the face of the document, or from other documents or testimony, to have been used by the witness, received by the witness, or properly communicated to the witness;

    x.    Any bona fide expert or Technical Advisor retained by any Party for the purposes of this action (who shall not be an employee of or a non-litigation

consultant to a Party), provided that said experts or Technical Advisors have executed a certification in accordance with Paragraph 7 below; or

xi. Other persons who may be specifically designated by consent of all attorneys of record or pursuant to an order of the Court.

c. The filing Party shall provide the designating Party with the opportunity to file a motion to file under seal any document which is designated either "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" before publicly filing the subject document. The Parties shall take all reasonable steps to ensure documents designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall be filed under seal, subject to Order of the Court, but will use best efforts to minimize both the number and extent of documents for which sealing is sought.

7. <u>Certification of Confidentiality</u>.  Before giving any witness, employee of a Party, expert, or Technical Advisor access to information, documents, or things designated as "ATTORNEYS' EYES ONLY" or "CONFIDENTIAL," the Party who seeks to disclose such information to such witness, expert, or Technical Advisor shall require the witness, expert or Technical Advisor to read and agree to be bound by this Order by signing the following certification:

> I certify my understanding that documents, information, answers, and responses are provided to me pursuant to the terms and restrictions of the Agreed Protective Order in *DataCatalyst, LLC v. Infoverity, LLC* pending in the Southern District of New York.  I have been given a copy and have read that Order.  I hereby agree to be bound by that Order.
>
> I have had the meaning and effect of that Order explained to me by counsel who provided me with the information.  I understand that such information and documents, and any copies, any notes, or any other memoranda regarding information in such documents, shall not be disclosed to others except in accordance with that Order, and shall be used only for purposes of this proceeding, and not for any other purpose.
>
> I understand that a violation of the Order and/or this Certification is subject to sanctions including monetary and other relief the Court deems just.  I agree to be subject to the jurisdiction of this Court.

8. <u>Safeguarding Protected Information</u>.  The recipient of any "ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" material provided pursuant to this Order shall maintain such information in a secure and safe area and shall exercise due and proper care with respect to its storage, custody and use.

9. <u>Filing Procedures</u>.  To the extent that any papers filed with the Court, including portions of transcripts of depositions or hearings and exhibits, affidavits, briefs, memoranda, motions, answers to interrogatories or responses to other discovery requests, quote from, or attach as an exhibit any part or all of the contents of any Protected Information, counsel for the party to this Order shall comply with the Federal Rules of Civil Procedure, Local Rules, and Individual Rules of the Hon. Alvin K. Hellerstein concerning filing documents under seal. No documents shall be filed under seal, regardless of confidentiality designation, without leave of the Court.

10. <u>Final Disposition</u>.  Within ninety (90) days of the conclusion of this Action, including any appeals, all "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" Protected Information furnished pursuant to the terms of this Order, and any notes reflecting Protected Information and all copies thereof, which are not in the custody of the Court, shall be returned to the Party that furnished the Protected Information or be destroyed (and certified by affidavit as having been destroyed) by the Party in possession thereof, provided that counsel for the Parties need not return and may retain their notes and any work product materials.

11. <u>Challenging Confidentiality Designation</u>.  A Party may oppose the designation of Protected Information at any time before the trial of this matter.  The Party opposing the designation shall notify the designating Party or producing Party of the disagreement in writing and attempt to resolve the matter through a meet and confer.  If the matter cannot be resolved, the opposing Party may file a motion with the Court to resolve the designation dispute.  Until the

matter is resolved by the Court, all documents and materials with which a confidential designation is being challenged shall be treated as confidential as defined herein. The burden of proof on maintaining the confidentiality of the document, testimony, etc. is upon the party requesting that the information remain confidential. Upon request, the Court may at any time examine and review *in camera* any document governed by the terms of this Order. The Parties shall take all reasonable efforts to resolve any such disputes regarding the designation of Protected Information. A Party is under no obligation to challenge a designation with which a Party disagrees. A Party does not admit the propriety of a designation and does not admit that designated information is Protected Information merely by complying with this Protective Order.

12. <u>Modification of Order</u>. Nothing in this Order shall preclude any Party from applying to the Court for an appropriate modification of this Order. Nothing in this Order shall preclude the parties from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or other discovery material as that Party may consider appropriate.

13. <u>Use of Information.</u> Nothing in this Order shall limit the producing Party or person from using its own documents and information in any fashion permitted by law.

14. <u>Termination of Action</u>. The termination of this Action shall not terminate the directives of this Order and such Protected Information shall remain subject to this Order unless and until the Court rules otherwise.

15. <u>Production by Non-Parties.</u> The existence of this Order shall be disclosed to any non-Party producing documents or information in this action who may reasonably be expected to desire confidential treatment of such information. Such non-parties may avail themselves of the protections of this Order by agreeing to comply with this Order.

16.     <u>Inadvertent Production of Protected Information</u>.  If a Party inadvertently produces document(s) or information in response to a discovery request or subpoena which a Party believes to be "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," the Party may designate the information to the same extent as it could have designated the information before production, by providing written notice identifying such document(s) or information.  Upon receipt of such written notice, the identified document(s) or information shall be treated as designated in accordance with this Order and the parties shall undertake their best efforts to correct the disclosure of such Protected Information contrary to the designation, including retrieving any documents from persons not qualified to receive them and informing such persons that they should not further use or disseminate the documents or information inadvertently produced.  Disclosure, prior to the receipt of such notice, of such Protected Information to persons not authorized to receive it shall not be deemed by a violation of this Order.

17.     <u>No Waiver of Privilege</u>.  Inadvertent production of any documents or information subject to the attorney-client privilege or work product doctrine shall not constitute a waiver of such privilege or of the work-product protection.  The Parties agree that upon discovery or inadvertent production, the disclosing party may request the return of such documents in writing in a reasonably prompt manner after it confirms such inadvertent production.  The written notice shall identify the inadvertently produced document(s).  Upon receipt of the written notice, the receiving parties, including any non-parties, shall, at the direction of the disclosing party, promptly return, sequester or destroy the specified information and any copies it has and may not use or disclose the information.  If the receiving party does not agree that the document is entitled to protection, the receiving party may, within seven (7) days after receiving the written notice, inform the producing party in writing of such disagreement.  The parties shall attempt to resolve the matter

through a meet and confer. If the matter cannot be resolved within seven (7) days after the delivery of the receiving party's written notice, the designating party shall file a motion with the Court to resolve the designation dispute. Until the matter is resolved by the Court, the receiving party is not required to return, sequester or destroy or the specified information and any copies it has, but shall not use or disclose the information other than as needed to resolve the issue before the Court.

18. <u>Limitations to Application.</u> The restrictions set forth in any of the paragraphs hereof with respect to information, documents, or things designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall not apply to:

    a. Any information, document, or thing which at the time of disclosure to a receiving Party is lawfully in the public domain, even though such information may previously have been designated as confidential. Information, documents or things are not considered to be lawfully in the public domain if such items were revealed to the public without the consent or through no act, omission or fault of the author and/or owner of the information, documents or things or in violation of an obligation of confidentiality owed to such author or owner;

    b. Any information, document, or thing which after disclosure to a receiving Party becomes part of the public domain as a result of publication not involving a violation of this Order; or

    c. Any information, document, or thing which a receiving Party can show was received by it, whether before or after the disclosure, from a source who obtained the information lawfully and under no obligation of confidentiality to the producing Party.

19. Nothing contained in this Order shall preclude a party from objecting to the discoverability or admissibility of any information or documents.

20. The Court may enter such other and further relief as it deems appropriate and this Order is without prejudice to the right of any party to apply for such relief. This Order is subject to amendment, modification and/or termination upon the stipulation of the Parties.

**IT IS SO ORDERED.**

        /s/ Alvin K. Hellerstein
Hon. Alvin K. Hellerstein
United States District Judge
Southern District of New York
     8/18/2020

Seen and Agreed,

| | |
|---|---|
| */s/ Matteo J. Rosselli*<br>Matteo J. Rosselli, Esq.<br>Stein, Adler, Dabah & Zelkowitz LLP<br>1633 Broadway, 46th Floor<br>New York, New York 10019<br><br>*Attorneys for Plaintiff/Counterclaim Defendant DataCatalyst, LLC* | */s/ Stephanie M. Chmiel*<br>Stephanie M. Chmiel<br>Rebecca Brazzano<br>THOMPSON HINE LLP<br>335 Madison Avenue, 12th Floor<br>New York, New York  10017-4611<br>Phone:  (212) 344-5680<br>Facsimile:  (212) 344-6101<br><br>THOMPSON HINE  LLP<br>41 South High Street, Suite 1700<br>Columbus, Ohio 43215<br>Phone: (614) 469-3350<br>Facsimile: (614) 469-3361<br><br>Stephanie.Chmiel@thompsonhine.com<br><br>*Attorneys for Defendant/Counterclaim Plaintiff Infoverity, LLC* |